UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:05CV-123-M

**MSDG MOBILE, LLC**                                                                                           **PLAINTIFF**

**V.**

**AMERICAN FEDERAL, INC. d/b/a**
**AMBANC**                                                                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, American Federal, Inc. d/b/a AmBanc, to dismiss the action pursuant to Fed. R. Civ. P. 12, or in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Missouri, St. Louis-Eastern Division. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the Defendant's motion to dismiss is denied, but its motion to transfer is granted.

**I. BACKGROUND**

The Plaintiff, MSDG Mobile, LLC (hereinafter "Mobile"), applied for commercial financing for property located in Mobile, Alabama, with the Defendant, American Federal, Inc. (hereinafter "AmBanc"). Mobile is a Kentucky Limited Liability Company located in Bowling Green, Kentucky. AmBanc is a Missouri corporation with its principal place of business in St. Charles, Missouri. On June 10, 2003, Mobile executed a Conditional Commitment with AmBanc requesting financing. Mobile paid a Commitment Fee to AmBanc in the amount of $25,000.00. The Conditional Commitment contains a forum

selection clause which provides that "[a]ny dispute regarding the Transaction, this Commitment or any Transaction Document shall be adjudicated in any federal or state court located within St. Charles County, Missouri and Borrower hereby consents to jurisdiction and venue thereof and therein." (Conditional Commitment at ¶ 25.)

Mobile alleges that due to the dilatory actions or omissions of AmBanc, the commercial loan was never consummated and Mobile was forced to seek financing elsewhere. Mobile requested the return of the application fee. AmBanc failed to return the application fee. As a result, on August 19, 2005, Mobile filed the complaint seeking reimbursement for the initial loan deposit, additional compensation for cost incurred procuring financing elsewhere, and punitive damages. Mobile alleges that (1) AmBanc breached the terms of the Conditional Commitment by failing to timely process the loan; (2) AmBanc breached its covenant of good faith and fair dealing; and (3) AmBanc fraudulently misrepresented to Mobile that the loan was being timely processed. AmBanc now moves to dismiss the complaint, or in the alternative, to transfer the action to the United States District Court for the Eastern District of Missouri, St. Louis-Eastern Division arguing that the forum selection clause contained in the Conditional Commitment controls the proper venue.

## II.  MOTION TO DISMISS

AmBanc argues that the forum selection clause in the Conditional Commitment should be enforced by dismissal of this action pursuant to Fed. R. Civ. P. 12. Although not specified in the motion, it appears that AmBanc relies upon Fed. R. Civ. P. 12(b)(3) due to alleged improper venue. See Tumbleweed, Inc. v. American Federal, Inc., 2003 WL

1145471, *1 (W.D. Ky. Feb. 27, 2003). However, dismissal for improper venue is not appropriate in the present case. "[T]he Supreme Court made it clear . . . that forum selection clauses do not dictate the forum." Kerobo v. S.W. Clean Fuels, Corp., 285 F.3d 531, 536 (6th Cir. 2002) (discussing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). According to the Sixth Circuit, "whether a forum-selection clause should be enforced is a matter of contract, not an issue of improper venue." Kerobo, 285 F.3d at 535. Thus, if a case is filed in a venue prescribed by 28 U.S.C. § 1391, "a forum selection clause will not serve as the basis for granting a motion to dismiss for improper venue." Sylvester Material, Inc. v. John Carlo, Inc., 2005 WL 1176054, *3 (N.D. Ohio May 17, 2005); Kerobo, 285 F.3d at 536; Blue Ash Development, Inc. v. Polan, 1996 WL 1828, *1 (6th Cir. Jan. 2, 1996); Ricoh, 487 U.S. at 28 n. 8. Given the Sixth Circuit's holding in Kerobo, Defendant's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) is **denied**.

The court, however, may still consider a motion to transfer venue for the convenience of the parties under 28 U.S.C. § 1404(a). See Kerobo, 285 F.3d at 538-539.

### III. MOTION TO TRANSFER VENUE

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo, 285 F.3d at 537. "[T]he presence of a valid forum selection clause is a significant factor in analyzing a §1404(a) motion for discretionary

change of venue, but it is not determinative." AmerisourceBergen Drug Corp. v. Meijer, Inc., 2005 WL 1630843, *2 (S.D. Ohio July 8, 2005)(citing Ricoh, 487 U.S. at 32; Kerobo, 285 F.3d at 537). In addition to the forum selection clause, the district court must "weigh a number of case-specific factors such as the convenience of parties and witnesses, 'public interest factors of systemic integrity,' and private concerns falling under the heading 'the interest of justice.'" Kerobo, 285 F.3d at 537-538 (citation omitted); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied, 502 U.S. 821(1991); Travelers Property Casualty Co. of America v. Centimark Corp., 2005 WL 1038842, *3 (S.D. Ohio May 3, 2005).

The moving party generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. Travelers Property Casualty, 2005 WL 1038842, *4; Bacik v. Peek, 888 F. Supp. 1405, 1414 (N.D. Ohio May 14, 1993). "However, courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances." Travelers Property, 2005 WL 1038842, * 4 (citing Jumara v. State Farm Insurance Co., 55 F.3d 873, 880 (3d Cir. 1995)); Ricoh, 487 U.S. at 29-30. Thus, in this case, Mobile bears the burden of pointing to specific reasons why enforcement of the forum selection clause is inappropriate.

As an initial matter, Mobile does not dispute that the instant suit could have been brought in the United States District Court for the Eastern District of Missouri, St. Louis Division pursuant to 28 U.S.C. § 1391. Accordingly, § 1404(a)'s requirement that a civil

4

action may only be transferred "to any other district or division where it might have been brought" has been met. Having determined that this requirement is met, the Court will consider the factors outlined above to determine whether a transfer of venue is warranted in this case.

### A.  *Convenience of the Parties and Witnesses*

Plaintiff Mobile is a Kentucky Limited Liability Company. Defendant AmBanc is a Missouri corporation with its principal place of business in St. Charles, Missouri. Plaintiff argues that the majority of witnesses which are essential to the Plaintiff's proof in this case reside outside of the Eastern District of Missouri. According to Plaintiff, Don Mitchell, the loan broker, resides in Arkansas; Bob Walker, the Defendant's loan officer, resides in Oklahoma; Donald Coleman, the property surveyor, and Irby & Heard, the title agent, both do business in Alabama; and Julie Wingfield, the witness to the Commitment, and the Plaintiff reside in Kentucky. Plaintiff maintains that to require it to litigate in Missouri and transport these witnesses to the Missouri venue is overly burdensome and unreasonable and effectively deprives the Plaintiff of a remedy.

Clearly, the Plaintiff would be inconvenienced by litigating in Missouri and the Defendant likewise would be inconvenienced by litigating in Kentucky. However, the majority of the witnesses identified by Plaintiff reside outside of the Western District of Kentucky as well. Because the potential witnesses are located in various states, one venue is not necessarily more appropriate than another. Delta Casket Enterprises, Inc. v. York Group, 2005 WL 2897514, *4 (W.D. Ky. October 31, 2005). Given the location of the

witnesses, it would appear that this factor does not weigh in favor of either party.

### B. Public Interest Factors of Systemic Integrity

"Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law that must govern the case." AmerisourceBergen Drug Corp., 2005 WL 1630843, *4 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947)). Here, there is no evidence of significant congestion in either venue. Further, there is no reason to believe that the controversy is of particular interest to the public in either Kentucky or Missouri. However, the Conditional Commitment provides that "Missouri law shall govern this Commitment and each of the Transaction Documents." The District Court for the Eastern District of Missouri is more familiar with the laws of Missouri compared to this Court in the Western District of Kentucky. Therefore, this factor weighs in favor of transfer to the Eastern District of Missouri.

### C. Private interest factors

"The private interests of litigants include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises ...; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" AmerisourceBergen, 2005 WL 1630843, *5 (citing Gulf Oil, 330 U.S. at 508). While Plaintiff argues that to require it to litigate in Missouri and transport its witnesses to the Missouri venue is overly burdensome, it has not shown that there is a specific hardship in transporting these witnesses

6

to the Eastern District of Missouri as opposed to the Western District of Kentucky. The borrower is located in Kentucky, the lender in Missouri, the real estate project in Alabama, and the broker in Arkansas. As discussed above, the majority of the witnesses are outside of the Western District of Kentucky and would require being transported to this district as well. Furthermore, the location of the documentary evidence is a minor consideration in this case given that the documents may easily "be sent by mail, copied or even faxed to a remote location." Picker Intern, Inc. v. Travelers Indem. Co., 35 F. Supp.2d 570, 574 (N.D. Ohio Dec. 7, 1998). Therefore, this factor does not weigh heavily in either direction.

### D. Forum Selection Clause

Generally, forum selection clauses executed by commercial entities are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Moses, 929 F.2d at 1136. See also Prezocki v. Bullock Garages, Inc., 938 S.W.2d 888, 889 (Ky. 1997) (Kentucky law); Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo. App. E.D. 2000)(Missouri law). According to the Sixth Circuit, a forum selection clause should be enforced unless "(1) it was 'obtained by fraud, duress, the abuse of economic power or other unconscionable means,' (2) the designated forum 'would be closed to the suit or would not handle it effectively or fairly,' or (3) the designated forum 'would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust.'" Security Watch, Inc. v. Sentinel Systems, Inc., 176 F.3d 369, 375 (6th Cir. 1999), cert. denied, 528 U.S. 1181 (2000)(quoting Restatement(Second) of Conflicts of Law

7

§ 80 cmt. c. (1988)).  See also M/S Bremen, 407 U.S. 1 at 15; Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1229 (6th Cir.1995); Moses, 929 F.2d at 1136; Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (applying M/S Brennen to form contracts); Preferred Capital, Inc. v. Sarasota Kennel Club, 2005 WL 1799900 (N.D. Ohio July 27, 2005).  If one seeks to invalidate a forum selection clause by allegations of fraud, there must have been fraud or coercion in the inducement of the clause itself, standing apart from the rest of the agreement. Moses, 929 F.2d at 1138.

The Conditional Commitment provides "[a]ny dispute regarding the Transaction, this Commitment or any Transaction Document shall be adjudicated in any federal or state court located within St. Charles County, Missouri and Borrower hereby consents to jurisdiction and venue thereof and therein." (Conditional Commitment at ¶ 25.)[1]  Plaintiff argues that this clause is unenforceable.  Initially, Plaintiff maintains that the clause and its selected forum bear no reasonable relationship to the loan transaction in the present case.  The Plaintiff submits that it had no direct contact with the Defendant during the preliminary application, approval and negotiation phases of the loan transaction at issue.  Instead, the commercial loan was brokered through Don Mitchell, a loan officer with Pulaski Bank in Little Rock, Arkansas.  Plaintiff maintains that all information related to the processing of the loan, including the Conditional Commitment and Commitment Fee, were forwarded

---

[1] By including "federal court" within the forum selection clause, the parties clearly intended to permit venue in the federal judicial district that has jurisdiction over St. Charles County, Missouri.

through Mr. Mitchell in Arkansas to AmBanc's commercial loan officer whose office was in Sand Springs, Oklahoma. Further, Plaintiff argues that the forum selected by the Defendant in the Commitment was not subject to negotiation by the Plaintiff and the Plaintiff was not in a position to "bargain" on that issue.

The Court finds that Plaintiff failed to meet its burden of proof of establishing that the forum-selection clause is unreasonable or fundamentally unfair. Plaintiff does not allege that the forum selection clause was obtained by Defendant through fraud, duress or overreaching. See Security Watch, 176 F.3d at 375; Inghram v. Universal Indus. Gases, Inc., 2006 WL 306650, *6 (E.D. Tenn. Feb. 8, 2006). Nor does Plaintiff allege that the designated judicial forum in Missouri would be closed to this suit, or that the United States District Court for the Eastern District of Missouri is not capable of effectively and fairly adjudicating this suit. Instead, Plaintiff challenges the relationship between the loan transaction and the selected forum. AmBanc is a Missouri corporation and its principal place of business is St. Charles, Missouri. Plaintiff clearly contracted with a Missouri lender for financing. It is reasonable that a Missouri lender would select Missouri as a forum for litigating any legal claims brought against it.

Furthermore, while Plaintiff argues that it was not in a position to bargain on the issue, the record reflects that the parties to the Conditional Commitment appear to have been sophisticated entities. Mobile's representative and current counsel, Darell R. Pierce, signed the Conditional Commitment on behalf of Mobile agreeing to the Missouri forum and on governance of Missouri law. Clearly, Mr. Pierce was aware of the forum selection clause

9

and could advise his clients of the ramifications of signing an agreement containing such a provision.  Finally, in as much as Plaintiff claims that litigation in Missouri would result in financial hardship, the Sixth Circuit has recognized that "[u]nless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." Moses, 929 F.2d at 1139.  According to the Sixth Circuit, this is not a reason for declaring such a forum selection clause invalid.

For these reasons, the Court finds that Plaintiff has not demonstrated that the forum selection clause contained in the Conditional Commitment is unreasonable or the result of fraud, duress or inequalities of bargaining power.  Accordingly, the Court finds the forum selection clause valid.

Balancing the above factors including the forum selection clause, the Court concludes that transfer of this matter to the Eastern District of Missouri is warranted.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant to dismiss the case due to improper venue [DN 9] is **denied.**  The motion by Defendant to transfer this case  [DN 9] is **granted**.  **IT IS FURTHER ORDERED** that this matter is transferred to the Eastern District of Missouri, St. Louis-Eastern Division.



cc: counsel of record